IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROZANNA CSISZER AND CHARLES CSISZER,
INDIVIDUALLY AND AS NEXT FRIEND OF
ALLISON CSISZER, A MINOR                          PLAINTIFFS

          v.                   Civ. No. 08-3011

MARY R. WREN, M.D., WREN & BARROW
OBSTETRICS & GYNECOLOGY, PLLC d/b/a
THE CENTER FOR WOMEN, AND BAXTER
COUNTY REGIONAL HOSPITAL, INC. d/b/a
BAXTER REGIONAL MEDICAL CENTER,
CONTINENTAL CASUALTY COMPANY,
PERRY L. WILBUR, M.D. and PERRY L.
WILBUR, M.D., P.A.                                DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Currently before the Court are the motion for summary judgment (doc. 17), supporting brief (doc. 18), and statement of undisputed facts (doc. 21) filed on behalf of separate defendant Baxter County Regional Hospital, Inc. d/b/a Baxter Regional Medical Center ("BRMC") on August 21, 2008.  Plaintiffs did not respond to BRMC's motion.  For the reasons stated herein, BRMC's motion for summary judgment is **GRANTED**, and BRMC is **DISMISSED WITH PREJUDICE.**

**I. Standard**

In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of*

*Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  Once the moving party demonstrates that the record does not disclose a genuine dispute on a  material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial.  Fed R. Civ. P. 56(e).

## II.  Background

Pursuant to Local Rule 56.1(a), a party moving for summary judgment must file a "short and concise statement of the material facts as to which it contends there is no genuine issue to be tried."  The party opposing the motion must do the same.  Local Rule 56.1(b).  Under Local Rule 56.1(c), "[a]ll material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."  Because Plaintiffs did not file a statement of undisputed facts in response to BRMC's motion for summary judgment, BRMC's statement of undisputed facts is deemed admitted.  The following facts are undisputed.

1.   BRMC is a public benefit corporation and governed by the Arkansas Nonprofit Corporation Act of 1993.

2.   Under its Amended and Restated Articles of Incorporation ("Articles"), BRMC's purposes are charitable, scientific, educational, and for the public benefit.

3.   BRMC is not permitted to carry on activities that would jeopardize its tax exempt status.

4.   Finally, the Articles provide that "[n]o part of the net earnings of [BRMC] shall inure to the benefit of, or be distributable to, private shareholders or individuals" except for reasonable compensation for services rendered to or for the corporation or to effectuate its charitable purposes.

## III.  Analysis

BRMC contends that it is immune from suit based on the doctrine of charitable immunity.  Where a plaintiff seeks recovery based on a tort theory, the doctrine provides charitable organizations with immunity both from liability and from suit.  *Low v. Insurance Co. of North America*, 364 Ark. 427, 440, 220 S.W.3d 670, 679-80 (2005).  Thus, in order to determine the applicability of the doctrine in this case, the Court must determine (1) whether Plaintiffs' case arises in tort and (2) whether BRMC is a charitable organization.

Addressing the first inquiry, Plaintiffs seek recovery from BRMC based on the alleged negligence of BRMC and its agents.  (Doc. 1).  This supposed negligence allegedly caused the medical injury suffered by Allison Csiszer.  Accordingly, Plaintiffs' suit against BRMC clearly arises in tort.

Under the second inquiry, the Court must consider whether BRMC is truly a charitable organization entitled charitable immunity.

The Arkansas Supreme Court has articulated a list of factors that a court should consider when determining whether an entity is truly charitable.  These include:

> (1) whether the organization's charter limits it to charitable or eleemosynary purposes; (2) whether the organization's charter contains a "not-for-profit" limitation; (3) whether the organization's goal is to break even; (4) whether the organization earned a profit; (5) whether any profit or surplus must be used for charitable or eleemosynary purposes; (6) whether the organization depends on contributions and donations for its existence; (7) whether the organization provides its services free of charge to those unable to pay; and (8) whether the directors and officers receive compensation.

*George v. Jefferson Hosp. Ass'n, Inc.*, 337 Ark. 206, 212, 987 S.W.2d 710, 713 (1999);  *Anglin v. Johnson Regional Medical Center*, __ S.W.3d __, No. 08-453, 2008 WL 4823541 (Ark. Nov. 6, 2008). "These factors are illustrative, not exhaustive, and no single factor is dispositive of charitable status." *George*, 337 Ark. at 212, 987 S.W.2d at 713.  An entity need not satisfy each factor in order to be entitled to charitable immunity. *Id*. at 212-14, 987 S.W.2d 713-14 (holding hospital demonstrating factors one, two, five, and seven entitled to immunity).  Indeed, the fact that some of the factors actually weigh against an entity's charitable status is not dispositive. *Id*. at 213-14, 987 S.W.2d 713-14 (finding hospital could not satisfy factors three, four, six, and eight).

Applying these factors to the present case, the Court finds that BRMC is a charitable organization.  BRMC's purposes are charitable, scientific, educational, and for the public benefit.

Page 4 of  5

Further, BRMC is organized as a public benefit corporation and governed by the Arkansas Nonprofit Corporation Act of 1993.  It is not permitted to carry on activities that would jeopardize its tax exempt status.  Finally, "[n]o part of the net earnings of [BRMC] shall inure to the benefit of, or be distributable to, private shareholders or individuals" except for reasonable compensation for services rendered to or for the corporation or to effectuate its charitable purposes.  Based on the previous, BRMC satisfies factors one, two, and five.  There has been no suggestion on the part of the Plaintiffs that any factors weigh against BRMC's status as a charitable entity.  Accordingly, it is undisputed that BRMC is a charitable organization that is being sued in tort, and it is therefore entitled to the protection of the charitable immunity doctrine.

## IV. Conclusion

Because BRMC is entitled to charitable immunity, its motion for summary judgment is GRANTED, and BRMC is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 13th day of November, 2008.

_/s/ Robert T. Dawson_
Honorable Robert T. Dawson
United States District Judge