**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION**

**ROZANNA CSISZER and CHARLES
individually and as next friend of
A.C., a Minor,**                                                      **PLAINTIFF**

**V.**                                             **No.  3:08-cv-3011**

**MARY R. WREN, M.D.
WREN & BARROW OBSTETRICS &
GYNECOLOGY, PLLC d/b/a
THE CENTER FOR WOMEN,
CONTINENTAL CASUALTY COMPANY,
PERRY L. WILBUR, M.D. and
PERRY L. WILBUR, M.D., P.A.**                                    **DEFENDANT**

## ORDER

Before the court is the Plaintiff's Motion to Compel Discovery Responses and Memorandum

Brief in Support filed on September 8, 2008, and the Defendant's Response filed on September 18,

2008; Plaintiff's Motion to Compel Depositions and Memorandum Brief in Support filed on October

27, 2008, and the Defendant's Response filed on November 11, 2008; Plaintiff's Motion to Compel

Inspection and Photographing of Premises filed on October 30, 2008, and Defendant's Response

filed on November 13, 2008; and, Defendant's Motion to Compel and Memorandum Brief in

Support filed on November 11, 2008, and Plaintiff's Response filed on November 18, 2008.  (Doc.

23, 24, 27, 28, 31, 32, 35, 36, 39, 44).   These matters were referred to the undersigned for

disposition.  (Doc. 30, 32, 36).  On November 19, 2008, a hearing was held before the undersigned

to consider all 4 Motions to Compel.  (Doc. 41).

**I.       Background**

Plaintiffs filed this Medical Malpractice cause of action against the Defendants on January

30, 2008, arising out of the events surrounding Rozanna Csiszer's labor and  ultimate delivery of

their daughter, A.C., on or about February 24, 2006.  (Doc. 1).  On September 8, 2008, Plaintiffs filed a Motion to Compel Discovery Responses From Baxter Regional Hospital, Inc  (Doc. 23, 24).  On October 27, 2008, plaintiff filed a Motion to Compel the Depositions of Baxter Regional Hospital Personnel Kristina Tablish, Amy Meyers, Caron Alexander, Margaret Fielding, Cindy Davenport, Marjorie Swanson, Dr. Kerr, and Mr. Erickson.  (Doc. 29, 30).  On October 30, 2008, plaintiff filed a Motion to Compel Defendant Continental Casualty Company, L.L.C., To Permit Inspection and Photographing of Premises.  (Doc. 31, 32).  On November 11, 2008, Defendants Baxter County Regional Hospital filed a Motion to Compel Plaintiffs' Responses to Interrogatories and Requests for Production.  (Doc. 33, 34).  On November 17, 2008, a Joint Motion for Extension of Time to Complete Discovery was filed by Defendants Mary Wren, M.D., and Wren & Barrow Obstetrics & Gynecology, PLLC.  (Doc. 42).

## II.    **Applicable Law:**

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983).  The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1).  Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence."  *See id.*; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).  "Relevance is construed broadly and determined in relation to the facts and circumstances of each case."  *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*; *see also* FED. R. CIV. P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena). *Roberts v. Shawnee Mission Ford, Inc*. 352 F.3d 358, 361 (8th Cir. 2003).

Blanket objections, however, are specifically prohibited in this district. Local Rule 33.1(b) states:

> A blanket objection to a set of interrogatories, requests for admissions, or requests for production will not be recognized. Objections must be made to the specific interrogatory or request, or to a part thereof if it is compound. It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity.

Therefore, the court will not consider any blanket objections.

The Federal Rules of Civil Procedure require a party, without awaiting a discovery request, to provide to the other party the "name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)

Federal Rule of Civil Procedure 26 (c) provides that a party may move for a protective order. If a protective order is wholly or partly denied the Court may, upon a showing of good cause, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause for it. *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000). *General Dynamics Corp. v. Selb Mfg. Co.* 481 F.2d 1204, 1212 (8th Cir. 1973). To establish good cause, that party

must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, Case No. 01-2009, 2002 WL 922082, at *1 (D. Kan. May 2, 2002) (quotations and citations omitted); *see also General Dynamics Corp.*, 481 F.2d 1212.

III.   **Discussion:**

As previously mentioned, there are currently 4 Motions to Compel and a Joint Motion for Extension of Time to Complete Discovery before the court.  The undersigned will consider each Motion separately.

A.   **Plaintiff's Motion to Compel Discovery Responses:**

Plaintiffs contend that Baxter Regional Hospital was served with Plaintiff's First Request for Production and Interrogatories on July 7, 2008.  (Doc. 23).  On August 5, 2008, Baxter Hospital served response to the Requests for Production and Interrogatories.  Plaintiff's allege that Baxter Hospital failed to produce any documents with its Request for Production and refused to provide substantive answer to nearly all of the Interrogatories.  In Plaintiff's Motion, the Interrogatories and Request for Production are divided into 25 categories.  At the hearing, Plaintiffs' counsel withdrew his Motion to Compel with regard to the following Interrogatories and Request for Productions: **Request for Production Numbers 1, 2, 7, 14, 15, 17, 26, 39, 40, 41, 42, 43, 48, 64, 66** and **Interrogatory Numbers 7, 16, 13, 14.**  With regard to the aforementioned discovery requests, Plaintiff's Motion to Compel is **DENIED** as **MOOT**.  The remainder of the discovery will be dealt with according to group.

4

### 1.      Relevant Policies and Procedures:

Plaintiffs have requested that the Defendant produce certain hospital policies and procedures. Specifically, Request for Production Numbers 19, 30, 31, and 32 seek policies and procedures pertaining to medical staff departments and divisions; 33 concerns administrative activities, 34 deals with medical staff committees, 36 pertains to records retention, 57 seeks policies and procedures for members of the medical staff, 58 concerns attending physicians, 59 deals with record keeping or educational requirements, 61 concerns personnel and technicians, and 82 requests policies and procedures for labor and delivery department physicians.

At the hearing, Plaintiff's counsel indicated that all of the requested information had been provided by the Defendants, except for the policies and procedures pertaining to Interrogatory Number 19, the risk management and quality assurance policy.  Therefore, plaintiff's Motion with regard to Plaintiffs' **Requests of Production Numbers 19, 30, 31, 32, 33, 34, 36, 57, 58, 59, 61,** and **82** is **DENIED** as **MOOT**.  The Motion to Compel shall be **GRANTED** with regard to **Interrogatory Number 19**.  The parties believe that this information has already been produced, however, should their research reveal the contrary, the Defendant will produce the requested information.

### 2.      Personnel Files:

In Request for Production Number 49, Plaintiffs requested the personnel records of all hospital employees who provided care to Rozanna Csiszer or A. C., including the following nurses: Angie Padget, Kristina Tablish, A. Jones, B. Brewer, S. Knickles, Nichole Cousins, and Amy Meyers.  Plaintiffs state that the Defendant agreed to produce the "nonprivileged" portions of Nurse Padget's and Dodillet's files.  However, they failed to do so.

5

The Defendant objected to this request on the basis of the quality assurance/ peer review privilege, patient confidentiality, and because the requested records contained personal financial information.  At the hearing, Plaintiffs' counsel stated that some of the requested files and some of the requested testing information had been produced, but he had not been provided with a log of the information withheld.   Therefore, Plaintiff's Motion to Compel is hereby **GRANTED** as **AMENDED** with **regard to Request for Production Number 49, and the Defendant is directed to respond by December 1, 2008.**  The Request shall be limited to the testing, competency testing, training, and evaluations of Angie Padget and Kristina Tablish.   All medical and financial information can be omitted.  If the Defendant contends that their response is protected by the quality assurance/peer review privilege, patient confidentiality, or other privacy concerns, the Defendant is ordered to produce a log listing each privilege claimed and an affidavit setting forth the basis of the privilege.  *See* FED. R. CIV. P. 26(b)(5).

### 3.        Incident/Adverse Reaction Reports

In Request for Production Numbers 3 and 45, Plaintiffs request any incident reports, adverse reaction reports, variance reports, unusual occurrence reports or similar reports concerning the care and treatment of Rozanna and/or A.C.

The Defendant states that no such reports exist.  Nonetheless, the Defendant objects pursuant to Arkansas Code § 16-46-105's peer review and quality assurance privileges.  Section 16-46-105 sets forth the peer review/quality assurance privilege.  This privilege protects minutes, records, or reports of hospital committees responsible for overseeing the evaluation of patient care.  Information that is prepared in the ordinary course of business and not at the direction of a hospital committee for committee purposes such as review or evaluation is discoverable under the statute. *See Cochran*

6

*v. St. Paul Fire & Marine Ins. Co.*, 909 F. Supp. 641, 644 (W. D. Ark. 1995) (interpreting Arkansas privileges). We agree that the statute would allow for the production of the information requested by Plaintiffs, unless the documents requested were specifically prepared for peer review and not in the normal course of business. Therefore, Plaintiff's Motion to Compel is **GRANTED** with regard to **Request for Production Numbers 3** and **45**. If the Defendant contends that their response is protected by the quality assurance/peer review privilege, patient confidentiality, or other privacy concerns, the Defendant is ordered to produce a log listing each document withheld, the privilege claimed, and an affidavit setting forth the basis of the privilege. *See* FED. R. CIV. P. 26(b)(5).

### 4.      Ordinary Course of Business Documents:

In Requests for Production Numbers 4 and 5, Plaintiffs requested documents produced in the ordinary course of business that were provided to any medical committee or part of any in-house investigation concerning the care and treatment provided to A.C.

The Defendant objected on the basis that the requested materials are protected by the peer review and quality assurance privileges. However, as previously noted, the burden is on the Defendant to show that the privilege applies. Therefore, Plaintiff's Motion to Compel is **GRANTED** with regard to **Request for Production Numbers 4** and **45**. If the Defendant contends that their response is protected by the quality assurance/peer review privilege, patient confidentiality, or other privacy concerns, the Defendant is ordered to produce a log listing each document withheld, the privilege claimed, and an affidavit setting forth the basis of the privilege. *See* FED. R. CIV. P. 26(b)(5).

5.       **Medical Treatises & Books:**

In Request for Production Number 84, Plaintiffs requested a list of all Baxter Hospital books, treatises, articles, or other documents used to train or keep the Labor and Delivery staff current in the are of medical practice, including those materials contained in its library concerning the treatment or management of Labor and Delivery patients.  In Request for Production Number 12, Plaintiffs requested those materials that were consulted regarding the care of Rozanna and A. C.

The Defendant contends that these requests are overly broad and unduly burdensome, and the undersigned agrees.  With regard to **Requests for Production Number 12 and 84**, Plaintiff's Motion to Compel is **DENIED as requested**.  However, Plaintiffs will be allowed to take photographs and/or videotape materials located in the hospital library and at the nurses' stations within 21 days at a time to be designated by the hospital.

6.       **Correspondence Regarding Treating Nurses and Physicians:**

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

7.       **Nurse Continuing Education:**

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

8.       **Causative or Contributing Conditions:**

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

9.       **Hospital Accreditations:**

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

10.      **Employee Schedules:**

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

11.      **Patient Census:**

8

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

**12.    Billing Information:**

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

**13.    Prior Notice Correspondence:**

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

**14.    Other Complaints or Claims:**

In Request for Production Number 22, Plaintiffs asked for petitions and written notices of claims against Baxter Hospital relating to the care and treatment of patients in its Labor and Delivery Department.

The Defendant responded that "if any complaints filed in a court can be found, this information will be provided."  However, no such information was ever provided.  The Defendant also objected on the basis of the quality assurance/peer review privileges and state and federal privacy laws.  With regard to **Request for Production Number 22**, Plaintiff's Motion to Compel is **GRANTED**, however, it will be limited to existing complaints or claims related to Labor and Delivery birth injuries that have occurred within the 5 year immediately preceding the date of the events giving rise to the present action.  The Defendants are permitted to redact the name and identifiers for the complainants.

**15.    Alcohol/Drug Abuse/Mental Illness:**

In Interrogatory Number 13, Plaintiffs inquired as to whether or not the healthcare providers who cared for Rozanna and Allison Csiszer were suffering from a mental illness or using alcohol or drugs or undergoing treatment for mental illness or alcohol or drug abuse prior to or at the time they were providing care to Plaintiffs.  Defendant objected on the basis of state and federal privacy laws.

9

The Physician and psychotherapist patient privilege provides that "a communication is confidential if not intended to be disclosed to third persons, except person present to further the interest of the patient in the consultation, examination, or interview, persons reasonable necessary for the transmission of the communication, or persons who are participating in the diagnosis and treatment under the direction of the physician or psychotherapist.   ARCr.P. , Rule 503(a)(4)  A patient is a person who consults or is examined or interviewed by a physician or psychotherapist. ARCr.P. , Rule 503(a)(1)

It is clear that the requested information may be protected under the privilege but the Defendant has not set forth with particularity sufficient information for the court to assess the privilege.

The Defendant is directed to furnish to the court within 10 days, for *in camera,*  review all of the alleged communications and to state with particularity the party that received the communication, the nature of the communication, the date, the specific relationship between the possessor of the communication and the witnesses and any other specific facts to enable the court to make an independent determination of the existence of the privilege.  After review of the material furnished by the Defendant the court will then rule on the Motion to Compel as to Interrogatory number 13.

### 16.    Impeachment Evidence/Criminal Convictions:

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

### 17.    Correspondence To or Regarding Plaintiffs:

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

### 18.    Fetal Monitor Strip:

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

19.     **Insurance Policies:**

In Request for Production Number 10, Plaintiffs requested "all policies of insurance, including primary, excess, or umbrella coverage. . ."   Baxter Hospital produced a single primary insurance policy, with per claim limits of $1,000,000 and aggregate limits of $3,000,000.  Based on the size of the Defendant's facility, Plaintiffs contends that the Defendant had a policy with greater limits.

The Defendant has reported to its counsel that its policy limits are as stated above.  As there is no evidence that any additional policies exist or the policy limits are higher than indicated, Plaintiff's Motion to Compel is **DENIED** with regard to **Request for Production Number 10** as having already been provided.

In Interrogatory Number 22, Plaintiffs requested the Defendant identify what sum of its aggregate insurance policy has already been paid out.  Baxter Hospital responded that the insurance policy "speaks for itself."  As it is clear that all expenses and attorney fees come out of the policy, Plaintiffs Motion to Compel is **GRANTED** with regard to **Interrogatory Number 22**.

20.     **Pathology Slides and Physical Objects:**

In Request for Production Number 86, Plaintiffs requested any pathology specimens made or retained by Baxter County Hospital regarding Rozanna and/or A.C.  Baxter Hospital objected that the original slides cannot be released.  Plaintiff contends that they are entitled to inspect any original pathology slides in their possession.

In Request for Production Number 25, Plaintiffs requested all tissues, fluids, specimens, and/or slides in Baxter Hospital's possession concerning Rozanna and/or A.C. and related

information.  Baxter Hospital referred Plaintiffs to the medical records and stated that "No original data, records or items will be released."  While certain medical records had been produced, Plaintiffs contend that Baxter Hospital had not produced any slides, specimens, fluids, or tissues.

Both parties have agreed that there is no problem with providing recuts of the original slides. Therefore, Plaintiff's Motion to Compel **Request for Production Numbers 86** and **25** is **GRANTED**.  Defendant shall provide one recut at its own cost, and two additional recuts shall be provided and charged to Plaintiffs.  Defendants will then overnight the slides directly to Plaintiffs' counsel on or before Tuesday, November 25, 2008.

### 21.    Identities of Persons With Knowledge of Relevant Facts:

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

### 22.    Impeachment Evidence/Criminal Convictions:

In Interrogatory Number 19, Plaintiffs requested that Baxter Hospital produce evidence of any conviction of Plaintiffs, Defendants, or any witnesses/persons with knowledge of relevant facts in Baxter Hospital's possession.  The Defendant objected on the basis of the attorney-client and work product privileges.

Interrogatory Number 10 also asks the Defendant to identify any statements against interest, present sense impressions, or party opponent admissions that it contends Plaintiffs may have made. The Defendant indicated that as a corporation, it cannot form an opinion and that any responsive materials are protected by attorney-client privilege.

The undersigned does not find the requested information to be protected by a privilege. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  Further, pursuant to Fed. R. Civ. P. 26 (a)(3)(A), Plaintiffs Motion to Compel with Regard to **Interrogatory Numbers 10** and **19** is **GRANTED**.

12

**23.    Physical, Mental, or Emotional Illness:**

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

**24.    Alcohol or Drug Use:**

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

**25.    Documents That Have "Already or Will Be Produced":**

Withdrawn by Plaintiffs' counsel and **DENIED** as **MOOT**.

**B.    Plaintiff's Motion to Compel Depositions:**

In their second motion, Plaintiffs seek to compel the depositions of Kristina Tablish, Amy Meyers, Caron Alexander, Margaret Fielding, Cindy Davenport, Marjorie Swanson, Dr. Kerr, and Dr. Erickson.

At the hearing, it was noted that Margaret Fielding, Caron Alexander, Dr. Erickson, and Dr. Kerr are no longer employees of Baxter Hospital. Therefore, with regard to these individuals, the Court finds that the Motion to Compel is **DENIED**. It would be improper to order the hospital to produce individuals who are no longer under their employ.

Further, it was also noted that Cindy Davenport is a nurse educator, but is not the nurse educator for Labor and Delivery at Baxter Hospital. Accordingly, the Motion to Compel with regard to Ms. Davenport is **DENIED**. However, Baxter Hospital is hereby ORDERED to provide the name of the nurse educator for Labor and Delivery Department, if they have not already done so.

With regard to Kristina Tablish, Amy Meyers, and Marjorie Swanson, the Motion to Compel is **GRANTED**. The Defendant has not shown that these individual do not possess information that is reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P.

26(b)(1).  Accordingly,  these individuals are to be produced for deposition at a time to be arranged and mutually agreed upon by the parties.

**C.      Plaintiff's Motion to Compel Continental Casualty Company to Permit Inspection and Photographing of the Premises:**

Plaintiff has requested to inspect and photograph the following: operating room in which the delivery took place; labor and delivery room in which this labor took place; the electronic fetal monitor used in this case; other monitoring equipment used in this case; the nurses' station for labor and delivery; central monitoring equipment for labor and delivery; the warming table used in this case; resuscitation equipment used in this case; the forceps used in this case; the crash cart used in this case; textbooks and other resources and materials available to the nurses in this case; the hospital's library; and, the nurse education office and textbooks and other resource materials available to teach/train/test the labor and delivery nurses.  Continental Casualty contends that privacy issues bar Plaintiffs from entering the labor and delivery unit; allowing Plaintiffs to inspect and photograph equipment presents a risk for infection; it is "impossible" to determine which equipment was used in A. C.'s delivery; and the nurses did not rely on any educational materials for the care and treatment they rendered the Csiszers.  The Defendant states that some of the exact equipment used in this delivery cannot be identified.  Specifically, the warming table, the forceps, and the crash cart.

Rule 34(a)(2) of the Federal Rules of Civil Procedure states that a party may serve on any other party a request within the scope of Rule 26(b) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, and photograph, test, or sample the property or any designated object or operation

14

on it.  Accordingly, Plaintiffs' Motion to Compel is **GRANTED** in part and **DENIED** in part. Plaintiff's will be allowed to inspect and videotape the premises with handheld equipment on a date and time to be designated by the Defendant, but said date should not exceed 21 days from November 19, 2008.  Specifically, Plaintiffs shall be allowed to videotape and inspect the operating room in which the delivery took place, the labor and delivery room in which the labor took place, the electronic fetal monitor used in the case, the nurses' station for labor and delivery, the central monitoring equipment for labor and delivery, and the resuscitation equipment used in this case. Because the exact warming table, forceps, and crash cart utilized during the delivery cannot be identified, plaintiff will not be allowed to videotape and inspect these items.

>  D.    **Defendant's Motion to Compel Plaintiffs' Responses to Interrogatories and Requests for Production:**

Defendants request that the court compel Plaintiffs' answers to numerous Interrogatories and Request for Production.

>  1.    **Interrogatory Number 1:**

>  **Please provide the names, addresses, occupations, and telephone numbers of all persons known or believed by you or your attorneys to possess information regarding the matters alleged in your Complaint, and please provide the names, addresses, occupations, and telephone numbers of any lay witnesses whom you or your attorneys may call to testify at the trial of this case and summarize their expected testimony.**

Plaintiffs objected to this interrogatory as premature, overly broad, and unduly burdensome. At the hearing, Plaintiffs' counsel withdrew his objection and indicated that he had complied with this Interrogatory.  We find that this interrogatory is within the purview of Rule 26.  *See* FED. R. CIV.

P. 26(a). Therefore, the Defendant's Motion to Compel Plaintiff's Answer to **Interrogatory Number 1** is hereby **GRANTED**.

       **2.**     **Interrogatory Number 2:**

At the hearing, Plaintiffs indicated that they had responded to this Interrogatory.  Therefore, the Defendant withdrew this Interrogatory from their Motion to Compel.  Accordingly, with regard to **Interrogatory Number 2**, the Defendant's Motion to Compel is **DENIED** as **MOOT**.

       **3.**     **Interrogatory Number 3:**

**Please state the names, addresses, and telephone numbers of each physician, hospital, or other medical care provider who rendered care and treatment to Rozanna Csiszer at any time and for each person or institution, please state: the nature of the complaint or illness for which she sought care and treatment, the treatment received, and the inclusive dates of such treatment.**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome, not limited in time or scope, and state that it seeks information that is not relevant to her care and treatment in the instant action.  Subject to and without waiving the foregoing objections, they stated that Rozanna had received treatment from the following healthcare providers.  Plaintiff then listed the requested information for Mary Wren, M. D.; Baxter Regional Medical Center; Jeffrey Fred Roylance, M. D.; and, Ozark Medical Center.

The Court does not find this request to be overly broad or unduly burdensome and concludes this request is reasonably calculated to lead to admissible evidence.  However, the undersigned agrees that it is not limited in time or scope.  Therefore, Plaintiffs' are directed to provide information concerning Rozanna's current medical treatment going back 10 years prior to the date of the incident.  The Defendant's Motion to Compel is hereby **GRANTED** as to **Interrogatory Number 3** as **AMENDED**.

4. **Interrogatory Number 4:**

**Please state the names, addresses, and telephone numbers of each physician, hospital, or other medical care provider who rendered care and treatment to A. C. at any time from birth to present for each person or institution, please state: the nature of the complaint or illness for which she sought care and treatment, the treatment received, and the inclusive dates of such treatment.**

Plaintiffs objected to this Interrogatory as overly broad, unduly burdensome, not limited in time or scope, and seeking information that is not relevant to her care and treatment in the instant action. Subject to and without waiving its objections, they then provided a list of A. C.'s relevant healthcare providers. It appears as though Plaintiffs have already complied with this Interrogatory. Therefore, the Defendant's Motion to Compel is hereby **GRANTED** as to **Interrogatory Number 4**.

5. **Interrogatory Number 5:**

**Please list all special damages claimed by you in this case, including doctor bills, hospital bills, drug bills, wage loss, and all other bills you claim; and for all special damages claimed, please list:  the payee or creditor, the amount paid or owed and, who paid the statement**.

Plaintiffs objected to this interrogatory as being overly broad and unduly burdensome. They also asserted the collateral source rule. However, at the hearing, they withdrew their objection and indicated that this information had already been provided. Accordingly, Defendant's Motion to Compel is **GRANTED** with respect to **Interrogatory Number 5**.

6. **Interrogatory Number 6:**

**Please list all other damages you claim in this case that were not listed in response to the previous Interrogatory.**

Plaintiffs object to this Interrogatory as being overly broad and unduly burdensome.  At the hearing, however, Plaintiffs' counsel withdrew their objection and contended that the information had recently been provided.  Therefore, Defendant's Motion to Compel is **GRANTED** with respect to **Interrogatory Number 6**.

      7.     **Interrogatory Number 7:**

      **Please stated whether you will present any documentary or tangible items in any way at the trial of this matter or in any deposition.  If your answer is in the affirmative, please state: the identity of the documents, the facts, and/or opinions to be presented or described by the documents, and the custodian of said documents.**

Plaintiffs objected to this Interrogatory as premature, stating that they are not currently in a position to supply an exhibit list for trial as this time.

The Final Scheduling Order (Doc. 13) entered on June 4, 2008 provides the minimum time of 30 days that the disclosure sheet must be filed with the court.  This is a complex medical malpractice case that involves numerous witnesses and medical experts.  The court does not find that the request is premature and the Motion to Compel as to Interrogatory Number 7 is **GRANTED**.

      8.     **Interrogatory Number 8:**

      **Have any funds been expended by Medicare or Medicaid in connection with any of the injuries alleged in the Complaint?  If you Answers to this Interrogatory is "yes," please identify such amounts.**

Plaintiffs' counsel objected to this Interrogatory on the basis of the collateral source rule.  He also alleged that it seeks information that is irrelevant and unlikely to lead to admissible evidence. However, at the hearing, Plaintiffs' attorney indicated that this information had been provided.

18

Therefore, the Defendant's Motion to Compel is **GRANTED** with regard to **Interrogatory Number 8**.

      9.      **Interrogatory Number 9:**

**Please state whether the Plaintiffs are currently or have ever been involved in any bankruptcy proceeding.  If your answer is in the affirmative, please state: the name of the person involved in the bankruptcy proceeding, the date the petition was filed, the court in which the petition is pending, and the name of the attorney representing him or her in the matter.**

Plaintiffs objected on the ground that this interrogatory seeks information that is irrelevant and is unlikely to lead to the discovery of admissible evidence.  At the hearing, however, Plaintiffs' counsel indicated that he had withdrawn his objection and provided this information to the Defendant.  Therefore, the Defendant's Motion to Compel is **GRANTED** with regard to **Interrogatory Number 9.**

      10.      **Request for Production Number 1:**

**Please provide copies of all medical records in your (or your attorney's possession) pertaining in any way to any care and treatment ever provided to the plaintiffs.**

Plaintiffs object on the ground that this request is overly broad and unlimited in scope.  At the hearing, Plaintiff's counsel indicated that the child's medical records had been provided to the Defendant.  However, Rozanna's records had not yet been provided.  Finding that the request is unlimited in time and scope, the request shall be limited to Rozanna's medical records for the 10 years immediately preceding the date of the events at issue in this case.  Accordingly, the Defendant's Motion to Compel is **GRANTED** as **AMENDED** with regard to **Request for Production Number 1**.

      11.      **Request for Production Number 2**

**Please provide copies of all documents, including any medical articles or treatises, which you plan to introduce into evidence at trial, or to use in any manner at any deposition or at trial.**

Plaintiffs object to this request on basis that it is premature, stating that they are not in a position to provide all trial exhibits at this time and will comply with the Federal Rules and the scheduling order in the case.

The Final Scheduling Order (Doc. 13) entered on June 4, 2008 provides the minimum time of 30 days that the disclosure sheet must be filed with the court.  This is a complex medical malpractice case that involves numerous witnesses and medical experts.  The court does not find that the request is premature and the Motion to Compel as to Request for Production  Number 2 is **GRANTED**.

### 12.      Request for Production Number 3

**Please produce copies of any written notes, diaries, or the like which in any way pertain to the allegations in this case as well as copies of any and all videotapes, photographs, or other photographic material that in any way relate to any issue in this case.**

Plaintiffs objected to this request as vague and ambiguous, and indicated that there were no diaries or other written materials kept by the parties in this case.  At the hearing, the request was amended to request only photocopies, video tapes, photographs, or other video material in the plaintiffs' possession that relate to the case.  Accordingly, the Defendant's Motion to Compel is **GRANTED** as **AMENDED** with regard to **Request for Production Number 3**.

### 13.      Request for Production Number 4

**You are requested to produce the following materials with respect to each expert witness you may call at the trial of the case:**

20

(a)   a copy of the witness' most recent curriculum vitae,

(b)   a complete list of all books, texts, treatises, articles, statutes, rules, regulations, guidelines or any other material which has been or may be referred to or relied upon by any expert witness in forming or explaining his or her opinion s in connection with this case, together with citations to specific passages or sections relied upon,

(c)   a list of any computer programs, spreadsheets, analytical programs, statistical programs or any other computer-based tool utilized by any expert witness in any manner with regard to his opinions in this case,

(d)   copies of each spreadsheet, program algorithm, statistical models, macro program, or other computer-based files created by or at the direction of any expert witness which has been utilized in any manner regarding his or her opinions in this case,

(e)   copies of any and all reports, correspondence, notes, documents, writings, diagrams, charts, records, photographs, video or audio recordings of any type, computer files, e-mails, or tangible items of any king that have been supplied to any expert witness by plaintiff, attorneys for plaintiff, or any representative of the plaintiff or plaintiff's attorneys,

(f)   copies of any and all reports, correspondence, notes, documents, writings, diagrams, charts, records, photographs, video, or audio recordings of any type, computer files, e-mails, or tangible items of any king that any expert witness has provided to the plaintiff, attorneys for the plaintiff, or any representative of plaintiffs' attorneys,

(g)   copies of any and all reports, correspondence, notes, documents, writings, diagrams, charts, records, photographs, video or audio recordings of any time, computer files, e-mails, or tangible items of any kind made or prepared by any expert witness in connection with this case regardless of whether such materials were provided to any other person,

(h)   any and all billing records, bills or invoices any expert witness has prepared or provided in connection with this case.

Plaintiffs responded that they had not yet designated their testifying experts and would provide

the identities in their expert witness disclosures which are due on or before November 11, 2008.

The Plaintiff's have supplied the names of the experts expected to testify at trial.  The

Plaintiff now contends that it will be unnecessarily burdensome to comply with all of the Defendant's

request.  Subparagraphs (e) and (f) will be stricken and, accordingly, the Defendant's Motion to Compel is **GRANTED** as **AMENDED** with regard to **Request for Production Number 4**.

      14.      **Request for Production Number 5**:

> **Please sign the HIPAA compliant medical authorizations attached hereto on behalf of Rozanna Csiszer and A.C. and return them with yours answers to these Requests.**

Plaintiffs object stating that the authorization requested seeks any and all information regarding Plaintiffs' physical health records, some of which, in part, are not relevant to the action or reasonably calculated to lead to the discovery of relevant information.  Plaintiffs' also contend that the proposed authorization would allow for impermissible, unfettered ex parte communications between Defendant's attorneys and Rozanna Csiszer and A.C.'s physicians.  Finding that the request is not limited in scope or time with regard to Rozanna, the Court will restrict the HIPAA medical authorizations to only include Rozanna's medical records for the 10 years immediately preceding the date of the events at issue in this case.  Therefore, the Defendant's Motion to Compel is hereby **GRANTED** as **AMENDED** with respect to **Request for Production Number 5 .**

      15.      **Request for Production Number 6**:

> **Please produce all documents that support your claim as set forth in response to Interrogatory Number 5.**

Plaintiffs' counsel objects to this request as overly broad and unduly burdensome.  Further, plaintiff's rely upon the collateral source rule and state that the request seeks expert opinions the Plaintiffs are not qualified to render.  However, at the hearing, Plaintiffs' counsel indicated that they have already produced the requested documents.  Therefore, the Defendant's Motion to Compel is **GRANTED** with regard to **Request for Production Number 6.**

22

16.     **Request for Production Number 7**:

**Please identify and provide copies of all documents and tangible items which you plan to introduce into evidence at trial, or to use in any manner at any deposition or at trial to establish the damages you claim, if any, in response to Interrogatory Number 7.**

Plaintiffs object that this request is premature, as they are not currently in a position to provide all trial exhibits at this time and will comply with the Federal Rules and the scheduling order in this case.  However, they also stated that they intended to use at trial the relevant medical and billing records in this case, documents provided in response to discovery, the curriculum vitaes of all designated experts, the deposition exhibits, medical articles and treatises, and demonstrative aids and documents.

The Final Scheduling Order (Doc. 13) entered on June 4, 2008 provides the minimum time of 30 days that the disclosure sheet must be filed with the court.  This is a complex medical malpractice case that involves numerous witnesses and medical experts.  The court does not find that the request is premature and the Motion to Compel as to Interrogatory Number 7 is **GRANTED**.

17.     **Request for Production Number 8:**

**On behalf of each parent please sign the Release of Employment Information attached hereto and return it with your answers.**

Plaintiffs object stating that this authorization seeks any and all information regarding plaintiffs' employment and payroll records, which are not relevant to the action or reasonably calculated to lead to the discovery of relevant information.  We agree that this request is not limited in time or scope, therefore, Plaintiffs are ordered to sign a release of employment information limited

23

to employment information covering only the previous 5 years.  Accordingly, the Defendant's Motion to Compel **Request for Production Number 8** is **GRANTED** as **AMENDED**.

>    18.    **Request for Production Number 9:**
>
>    **Please attach to your answers to these Requests copies of all wage statements, pay vouchers, or other documents in your (Rozanna and Charles Csiszer) possession or your employer's possession which substantiates the income of either of you during the 10 years immediately preceding the facts of this case.**

Plaintiffs object on the grounds that this request is overly broad and unduly burdensome and, to the extent that it seeks information that is irrelevant to this case, it is unlikely to lead to the discovery of admissible evidence.  The undersigned finds that this request could lead to the discovery of admissible evidence because the Plaintiffs are seeking recovery of lost wages.  However, it is clear that the authorization requested in Request for Production Number 8 will cover the information in the possession of the Plaintiffs' employers.  Therefore, the Plaintiff's are Ordered to provide to the Defendant only wage statements, pay vouchers, or other documents in their possession which substantiates the income of either of them during the 5 years immediately preceding the facts of this case.  The Defendant's Motion to Compel **Request for Production Number 9** is hereby **GRANTED** as **AMENDED**.

>    19.    **Request for Production Number 10**:
>
>    **Please attach to your answers to these Request for Production of Documents copies of the plaintiffs' state and federal income tax returns for the years 2002-2007.  If this lawsuit is still in progress when other sate and federal tax returns are filed, please supplement your answers to these Requests by furnishing copes of those returns.**

Plaintiffs object on the ground that the request is overly broad and unduly burdensome and, to the extent it seeks information that is irrelevant to this case, it is unlikely to lead to the discovery

of admissible evidence.  The undersign finds that the request could lead to the discovery of admissible

evidence because the Plaintiffs are seeking damages for lost wages.  Accordingly, the Defendant's

Motion to Compel is **GRANTED** with regard to **Request for Production Number 10**.

20.     **Request for Production Number 12:**

**Please produce all documents establishing the amount of any Medicaid lien regarding medical care provided to any plaintiff.**

At the hearing, Plaintiffs' counsel stated that this information had been provided.  Therefore,

the Motion to Compel will be **GRANTED** with regard to **Request for Production Number 12.**

21.     **Request for Production Number 14**:

**On behalf of the minor plaintiff, please sign the Authorization and Release for Educational Records attached hereto and return it with your answers to these Requests.**

Plaintiffs originally responded that they would supplement with regard to this request.  At the

hearing, Plaintiffs' counsel indicated that no such educational records existed, given the fact that the

child at issue was only 2 years old.  The Defendant clarified that they were seeking records from any

special and/or developmental programs that the child might have been enrolled in, given her severe

state of cerebral palsy.  Accordingly, the Defendant's Motion to Compel is **GRANTED** with regard

to **Request for Production Number 14**.

22.     **Request for Production Number 23:**

**Please sign the Income Tax Release form and return it with your responses.**

Plaintiffs object to providing Defendant's proposed authorization on the ground that it seeks

all Plaintiffs' federal income tax information, which was neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence.  The undersigned notes that some of this information has been covered in previous requests for production.  Therefore, the undersigned hereby Orders the Plaintiffs to sign the income tax release forms for any tax year in the past 5 years for which they do not produce a copy of their income tax return.  As such, the Defendant's Motion to Compel is **GRANTED** as **AMENDED**.

        **E.**       **Joint Motion for Extension of Time to Complete Discovery:**

Defendants Mary R. Wren, M.D., and Wren & Barrow Obstetrics & Gynecology, PLLC, and Continental Casualty Company filed a Motion for Extension of Time to Complete Discovery.  The final scheduling order in this case indicates that the discovery cut off date in this case is December 22, 2008.  Specifically, the Defendants request an additional 31 days to complete the depositions of Plaintiffs' experts.  They contend that Plaintiffs and Defendants made their expert disclosures on or before November 11, 2008.  Defendants state that 5 of the 7 experts designated are outside of the State of Arkansas, thus making it difficult to depose all of the experts within the time allotted.

At the hearing, Plaintiffs' counsel requested that the deadline be extended to January 16, 2009, voicing concern that extending the deadline to January 23, 2009, a full 31 days, would not allow him ample time to depose the Defendant's experts.  As the Defendants made clear that they were not seeking to interfere with the Plaintiffs' ability to depose defense experts, the Defendant's Joint Motion to Extend Discovery Deadlines is hereby **GRANTED** and the deadline for deposing experts is hereby extended to **January 19, 2009.**

At the hearing, Plaintiffs' counsel also requested that his deadline for expert reports be extended 30 days from the date of his receipt of the slides and tissue samples to be prepared by the Defendant Baxter Regional Medical Center.  Plaintiffs' oral Motion to Extend is hereby **GRANTED**

26

and Plaintiffs are given **21 days from the date of receipt** of the slides and tissue samples to obtain

an expert report from their expert(s).

      **IT IS SO ORDERED** this the 25th day of November 2008.

/s/ *J. Marschewski*

JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE