IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**ROZANNA CSISZER and CHARLES**
**individually and as next friend of**
**A.C., a Minor,**                                                             **PLAINTIFF**

V.                                    No. 3:08-cv-3011

**MARY R. WREN, M.D.**
**WREN & BARROW OBSTETRICS &**
**GYNECOLOGY, PLLC d/b/a**
**THE CENTER FOR WOMEN,**
**CONTINENTAL CASUALTY COMPANY,**
**PERRY L. WILBUR, M.D. and**
**PERRY L. WILBUR, M.D., P.A.**                                 **DEFENDANT**

## ORDER

Before the court is the Plaintiff's Motion to Compel (Doc. 23) in regards to Request for Production Number 3, 4 and 45. The Court Granted the Plaintiff's original request (Doc. 45) subject to the Defendant satisfying to the court that the request were protected by the quality assurance/peer review privilege as set forth in Ark. Code. Ann. Section 16-46-105.

**Background:**

The Defendant, Baxter Regional Medical Center, has provided a privilege log and the documents referenced in the privilege log for *in camera* review by the court. The Defendant has also provided the affidavit of Karen Adams stating that the forms are utilized to conduct evaluations for peer review.

**Discussion:**

With respect to the peer review exception for material used in evaluating the quality of medical or hospital care the *Ark. Code. Ann. Section 16-46-105* provides as follows:

(a)(1)(A) The proceedings, minutes, records, or reports of organized committees of hospital medical staffs or medical review committees of local medical societies having the responsibility for reviewing and evaluating the quality of medical or hospital care, and any records, other than those records described in subsection (c) of this section, compiled or accumulated by the administrative staff of such hospitals in connection with such review or evaluation, together with all communications or reports originating in such committees, shall not be subject to discovery pursuant to the Arkansas Rules of Civil Procedure or the Freedom of Information Act of 1967, § 25-19-101 et seq., or admissible in any legal proceeding and shall be absolutely privileged communications.

(c) Nothing in this section or § 20-9-308 shall be construed to apply to original hospital medical records, incident reports, or other records with respect to the care or treatment of any patient or to affect the discoverability or admissibility of such records. *Ark. Code. Ann. Section 16-46-105*.

Each of the documents provided is a general assessment of the work performed by nurse Padgett or nurse Moore/Dodillet over several years. Each form provides for a scale rating from 1-5 concerning several general work areas. None provide for any specific handling of any specific patient or job assignment.

**Conclusion:**

The court has reviewed the documents in camera and finds that the documents are protected by the peer review provisions of *Ark. Code. Ann. Section 16-46-105* and that the Plaintiff's Motion to Compel Request for Production numbers 3, 4 and 45 is hereby DENIED with regards to the documents provided to the court for *in camera* review.

The documents are furthered order to be sealed by the clerk and subject to review only by

the court.

IT IS SO ORDERED this 10th day of December 2008.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE