**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**ROZANNA CSISZER and CHARLES**
**individually and as next friend of**
**A.C., a Minor,**                                                          **PLAINTIFF**

**V.**                                        **No.  3:08-cv-3011**

**MARY R. WREN, M.D.**
**WREN & BARROW OBSTETRICS &**
**GYNECOLOGY, PLLC d/b/a**
**THE CENTER FOR WOMEN,**
**CONTINENTAL CASUALTY COMPANY,**
**PERRY L. WILBUR, M.D. and**
**PERRY L. WILBUR, M.D., P.A.**                                  **DEFENDANT**

## ORDER

Before the court is the Defendant's Motion to Quash Potions of Notices to Take Depositions (Doc. 49) filed December 22.

**I.**    **Background**

Plaintiffs filed this Medical Malpractice cause of action against the Defendants on January 30, 2008, arising out of the events surrounding Rozanna Csiszer's labor and  ultimate delivery of their daughter, A.C., on or about February 24, 2006.  (Doc. 1).  Issues of discovery have been ongoing between the parties. The separate defendants, Mary R. Wren, M.D., and Wren & Barrow Obstetrics & Gynecology, PLLC, have named Frank H. Boehm, M.D. and Raymond W. redline, M.D. as experts who will testify at the trial of this case.

**II.**    **Applicable Law:**

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983).  The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged,

that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1).  Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence."  *See id.*; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).  "Relevance is construed broadly and determined in relation to the facts and circumstances of each case."  *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit.  *Id.*; *see also* FED. R. CIV. P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena).  *Roberts v. Shawnee Mission Ford, Inc.*  352 F.3d 358, 361 (8th Cir. 2003).

## III.   **Discussion:**

Both Notices have the same Exhibit A attached to them and the court's ruling will apply to both Exhibits.

No. 5 of the Subpoena Duces Tecum requests "Materials, articles, treatises or excerpts from articles, treatises, journals, "reprint" files, continuing medical education handouts or professional periodicals which are maintained by the witness, pertaining to the medical problems like those experienced by Rozanna Csiszer and/or Allison Csiszer."

This request is overly broad and unduly burdensome, as it seeks the physicians to search through their personal library and then bring materials which they might perhaps maintain in their

libraries or personal belongings, but which they are not relying on to form their opinions in this case and the Motion to Quash No. 5 is GRANTED.

No. 6 of the Subpoena Duces Tecum requests "Materials from civil or criminal lawsuits the witness has been involved with as a party (individually or under the names of his professional associations or corporations), fact witness or expert witness; to include but is not limited to pleadings, depositions, judgments, compromise and/or settlement agreements and affidavits."

This request is irrelevant, overly broad and unduly burdensome, as it seeks the physicians to bring materials from any other lawsuit they have been involved in personally or professionally, including as a defendant or as an expert in another case and the Motion to Quash No. 6 is GRANTED.

No. 8 is MOOT.

No. 9 of the Subpoena Duces Tecum requests "Documents reflecting the amount of payment received by the witness in the past five (5) years for testimony and/or review of medical malpractice claims."

The court finds that it would be unduly burdensome to require the witness to retrieve all documents reflecting payments for testimony over a five year time period and the Motion to Quash No. 9 is GRANTED.

No. 11 of the Subpoena Duces Tecum requests "Medical articles published by the witness that pertain in any way to Rozanna Csiszer and/or Allison Csiszer's condition and/or this case."

This information is provided in the curriculum vitae of the witnesses request and the request is overly broad and unduly burdensome and the Motion to Quash No. 11 is GRANTED.

No. 14 is MOOT.

3

No. 15 of the Subpoena Duces Tecum requests "Correspondence between the witness and any other attorney or law firm pertaining to other medical malpractice cases, including but not limited to reports to attorneys in other medical malpractice cases in which the witness either participated, reviewed and/or testified."

The court finds this request does violate the attorney-client privileges and work product and irrelevant and unduly burdensome and the Motion to Quash No. 15 is GRANTED.

No. 16 of the Subpoena Duces Tecum requests "All documents which reflect any medical, physical, drug, alcohol and/or emotional disorder from which the witness has been diagnosed in the past five (5) years, including but not limited to medical records, disability application forms, and/or any other such related documents.

The court finds this request to contain irrelevant request and to be unduly burdensome and the Motion to Quash No. 16 is GRANTED.

No. 17 of the Subpoena Duces Tecum requests "All writings reflecting any and all situations in which the witness has been involved in claims relating to substandard care rendered to any patient."

The court finds this demand to be vague, irrelevant and unduly burdensome and the Motion to Quash No. 17 is GRANTED.

No. 19 of the Subpoena Duces Tecum requests "Any and All documents reflecting Medline or other literature searches and/or articles obtained from Medline searches or other literature searches regarding matters at issue in this lawsuit."

The court finds this request to be relevant and not unduly burdensome and the Motion to Quash No. 19 is DENIED.

4

No. 20 of the Subpoena Duces Tecum requests "All writings reflecting any disciplinary action taken against the witness by any hospital, governmental agency, Board of Medical Examiners, and/or any other peer review and/or licensing organization."

The court finds this request to be relevant in that it goes to the credibility of the witness and not unduly burdensome and the Motion to Quash No. 20 is DENIED.

No. 21 of the Subpoena Duces Tecum requests "All writings reflecting any modification, termination and/or resignation of the witness from staffs of any hospitals."

The court finds this request to be relevant in that it goes to the credibility of the witness and not unduly burdensome and the Motion to Quash No. 21 is DENIED.

No. 22 of the Subpoena Duces Tecum requests "Any documents that reflect the rejection of the witness' staff privileges by any hospital."

The court finds this request to be relevant in that it goes to the credibility of the witness and not unduly burdensome and the Motion to Quash No. 22 is DENIED.

**IT IS SO ORDERED** this the 8th day of January 2009.

/s/ *J. Marschewski*
JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

5