```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

ROZANNA CSISZER AND CHARLES CSISZER,
INDIVIDUALLY AND AS NEXT FRIENDS
OF ALLISON CSISZER, A MINOR                          PLAINTIFFS

vs.                        No. 08-cv-3011

MARY R. WREN, M.D.; WREN & BARROW
OBSTETRICS & GYNECOLOGY, PLLC d/b/a
THE CENTER FOR WOMEN; AND
CONTINENTAL CASUALTY COMPANY                         DEFENDANTS

## O R D E R

Currently before the Court is the Motion for New Trial filed by Plaintiffs Rozanna Csiszer and Charles Csiszer, individually and as next friends of Allison Csiszer, a minor. (Doc. 259). Beginning February 10, 2009, this Court conducted a jury trial in the above-captioned case. On February 20, 2009, the jury returned a unanimous verdict in favor of Defendants Mary Wren, M.D.; Wren & Barrow Obstetrics & Gynecology, PLLC d/b/a The Center for Women; and Continental Casualty Company. This Court entered judgment on February 23, 2009. (Doc. 251).

For their motion, Plaintiffs assert that the Court erred in (1) conducting voir dire, (2) its dismissal of Juror #29, (3) its ruling on an objection during the examination of Nurse Angela Padgett, (4) refusing to rule Arkansas Code Annotated section 16-114-207 unconstitutional, (5) excluding evidence relating to the core competency of nurses at Baxter Regional Medical Center, (6) declining to rule Arkansas Code Annotated section 16-55-212 unconstitutional, (7) its handling of collateral source evidence,

(8) permitting use of the American College of Obstetricians and Gynecologists ("ACOG") publication entitled *Neonatal Encephalopathy and Cerebral Palsy: Defining the Pathogenesis and Pathophysiology*, and (9) being generally unfair. Many of these issues were extensively litigated in a host of pretrial motions, multiple pretrial hearings, and a post-trial hearing. As such, the Court affirms its previous rulings with respect to voir dire, the dismissal of Juror #29, the constitutionality of Arkansas Code Annotated section 16-114-207, the exclusion of evidence relating to core competency, the constitutionality of Arkansas Code Annotated section 16-55-212, and permitting use of the ACOG materials. Plaintiffs' motion is **DENIED** with respect to these grounds. For the reasons recited herein, the Plaintiffs' motion also is **DENIED** with respect to the Court's other alleged errors.

## I.  Examination of Nurse Padgett

"An allegedly erroneous evidentiary ruling does not warrant a new trial unless the evidence was so prejudicial that a new trial would likely produce a different result." *Harrison v. Purdy Bros. Trucking Co., Inc.*, 312 F.3d 346, 351 (8th Cir. 2002) (internal quotation omitted). Plaintiffs contend that the Court improperly granted an objection to Plaintiffs' questioning of Nurse Padgett when Plaintiffs called her as a witness during their case-in-chief. The line of questioning by Mr. Freeman was as follows:

Q:  Do you know what a deceleration is?

A:  Yes, I do.

Q:  And do you know what causes it?

A:  As far as I know, what causes an early decel would be like a head compression, the baby coming down or during a contraction it will mirror the contraction and it just kind of presses down on the baby's head a little during that.

Q:  Do you recall your deposition when you told me that the early decelerations were because the cord was compressed?

A:  I don't remember, but I can look it up if you would like me to.

Q:  Okay.  And then we take a break, and do you recall that after the break you –

    MS. SMITH:  Well, Your Honor, that's not proper cross examination.

    THE COURT:  I don't think it is either.  Maybe you can rephrase it and put it in two or three different questions.

Plaintiffs contend that the Court prohibited them from using Nurse Padgett's deposition in order to effectively examine her and that this was error because the deposition was not hearsay.  While the Court agrees the deposition was admissible for the impeachment of Nurse Padgett, the objection in question was not to hearsay.  Rather, the objection was to Plaintiffs' counsel's use of the deposition in order to narrate the deposition testimony of Nurse Padgett.  Narration is not a valid use of a deposition.  Accordingly, the Court properly sustained Defendants' objection.

**II.  Collateral Source Evidence**

Plaintiffs contend that the application of Arkansas Code Annotated section 16-55-212 resulted in Defendants making an improper argument during closing statements and therefore warrants a new trial.  The essence of Plaintiffs' argument, to the extent that it can be distinguished from their argument that section 16-55-212 is unconstitutional, is that they were prohibited from introducing the full value of their damages and that this caused a variance between the amount of damages they sought and the amount they appeared to suffer.  Plaintiffs contend that as a result, Defendants could create an inference during closing statements that the entire case was improper.

"A new trial should be granted where the improper conduct of counsel in closing argument causes prejudice to the opposing party and unfairly influences a jury's verdict.  The district court has wide discretion in such matters, however, and its superior vantage point requires deference unless the statements were plainly unwarranted and clearly injurious." *Alholm v. American Steamship Co.*, 144 F.3d 1172, 1181 (8th Cir. 1998).  Under this standard, Plaintiffs' argument fails to warrant a new trial for two reasons.

First, Plaintiffs mischaracterize the Court's ruling on their ability to introduce evidence of past medical expenses.  While past medical expenses paid by a collateral source are not recoverable under Arkansas law, the Court permitted Plaintiffs to utilize the

full value of past medical expenses as evidence of future medical expenses.  Further, Plaintiffs were able to present the testimony of multiple witnesses as to their damages and the care requirements of Allison Csiszer throughout her life.  If the jury found that there was a disconnect between the damages sought by Plaintiffs and those suffered, it was not because there was insufficient evidence.  Accordingly, any sort of an inference that defense counsel may have been able to create regarding the propriety of this case would be a matter of credibility and overall liability rather than of evidence relating to damages.

Plaintiffs' argument also fails because they did not object to any allegedly improper arguments made by defense counsel during closing statements.  Where an improper argument has allegedly been made, it is the responsibility of opposing counsel to note his or her exception and request curative action before the case is submitted to the jury.  *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 385 (8th Cir. 1992).  This was not done.  For these reasons, any allegedly improper inference created during closing statements is not grounds for a new trial.

### III.  General Unfairness

Plaintiffs claim that the Court was generally unfair to them and that the result was a verdict against the clear weight of the evidence.  When a motion for a new trial is based on the assertion that the verdict is against the weight of the evidence, "the

authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court." *Norton v. Caremark, Inc.,* 20 F.3d 330, 334 (8th Cir. 1994) (internal quotation omitted). Where reasonable minds can differ in evaluating credible evidence, a new trial based on the weight of the evidence should not be granted. *Jacobs Mfg. Co. v. Sam Brown Co.*, 19 F.3d 1259, 1267 (8th Cir. 1994).

The trial in the present case lasted approximately nine days. During that time, a very attentive jury heard testimony from numerous expert and fact witnesses called by both Plaintiffs and Defendants. It received a multitude of exhibits introduced by each party, and it heard each side present its theory of the case. It rendered its verdict after hours of deliberation. In short, both Plaintiffs and Defendants presented a host of evidence in support of their respective positions. The fact that the jury rendered a verdict in favor of Defendants based on the credible evidence before it does not violate any legal standard. Accordingly, the verdict in this case is not against the weight of the evidence.

**IV. Conclusion**

For the above-stated reasons, Plaintiffs' Motion for New Trial (Doc. 259) is DENIED.

IT IS SO ORDERED this 30th day of March, 2009.

*/s/ Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge